## UNITED STATES v. INTERNATIONAL-GREAT NORTHERN R. CO.

(District Court, S. D. Texas, at Houston. December 2, 1925.)

1. Statutes ⬅⟿219—Instruction of Bureau of Safety of Interstate Commerce Commission cannot change law.

Instruction of Bureau of Safety of Interstate Commerce Commission involving construction of Safety Appliance Act (Comp. St. § 8605 et seq.), though considered by court, can-not change statute, and must be rejected, if not in accordance with law.

2. Railroads ⬅⟿229—Safety Appliance Act remedial to obtain safety rather than penal.

Purpose of Safety Appliance Act is remedial, to obtain safety, rather than penal, notwithstanding section 2 (Comp. St. § 8606).

3. Railroads ⬅⟿229—Disconnecting coupling attachments and chaining cars together for safety held not violation of Safety Appliance Act.

Disconnecting coupling attachments between two flat cars carrying a twin load, and chaining cars together rigidly for safety, as permitted by Interstate Commerce Commission, held not to subject railroad to penalty under Safety Appliance Act, § 2 (Comp. St. § 8606).

At Law. Action by the United States against the International-Great Northern Railroad Company. Judgment for defendant.

H. M. Holden, U. S. Dist. Atty., and Edwin R. Warnken, Asst. U. S. Dist. Atty., both of Houston, Tex.

Morris, Sewall & Morris and Wolters, Blanchard, Woodul & Wolters, all of Houston, Tex., for defendant.

HUTCHESON, District Judge. This is an action by the United States against the International-Great Northern Railroad Company for penalties under section 2 of the Safety Appliance Act (Comp. St. § 8606); the effective allegation in the first cause of action on which a penalty is sought being that the defendant hauled on its line of railroad one car, to wit, S. P. flat No. 79112, over a part of a highway for interstate commerce, and in the second cause of action, S. P. car 78696 over such highways, the said cars having their coupling and uncoupling apparatus on the A ends out of repair and inoperative, said end on each of said cars being chained to the adjoining car, thus necessitating a man or men going between the ends of the cars to couple or uncouple, said cars not being equipped with couplers coupling automatically by impact, and which could be uncoupled without the necessity of a man or men going between the ends of the cars, as required by said section of the Safety Appliance Act.

The facts are without dispute that under a practice recognized by instruction No. 127 of Instructions to Inspectors, issued by the Bureau of Safety of the Interstate Commerce Commission in July, 1923, the two cars in question had moved as a twin load, having their coupling attachments disconnected, and they being chained in rigid fashion for safety; that the cars were received by the In-

ternational-Great Northern from the Texas & New Orleans Railroad Company; that the car inspector for the International-Great Northern tagged the cars to be returned to the Texas & New Orleans for repair; that they were, after unloading, brought back to the International-Great Northern yards and in reasonably continuous transit carried to the Texas & New Orleans yards for such repair. It is established by the government that there was an International-Great Northern repair track available much nearer to the point of unloading than the Texas & New Orleans repair track. There is no question but that the cars were not used in their chained condition for any service, except for carrying the twin load and the return to the carrier of origin. It is admitted that the coupling apparatus on the B ends of both cars was in proper condition and complied with the act, and that the coupling apparatus on the A ends of the cars was also in order and position, and but for the voluntary disconnection, for the purpose of accomodating the twin load, would have been in compliance with the act.

Upon these facts the government contends that a case is presented in which a car is used not properly equipped with automatic couplers. The defendant contends that a case is presented where either there was only one car employed within the meaning of the act after the two cars had been joined by the couplers, the disconnections detached, and the chains put on, or, if there were two cars involved, the case is not within the purpose or mischief of the act, because upon the undisputed proof it was not the custom or practice to disconnect or uncouple these cars, except in the repair department, and no condition could arise where these cars, as separate cars, would be in service, or, putting it otherwise, where these cars would be in service, except as to the coupling on their B ends, both of which were in proper condition; their A ends being so joined as to be incapable of either uncoupling from each other in the ordinary way or usage or coupling to some other car.

In the argument, counsel for the government frankly declares that instruction 127 is not in his opinion in compliance with the act; that the act prevents as well the movement of cars coupled in this fashion under load as without load. He stands entirely upon the position that the cars in question were each separate cars, that they did not have their couplers in the condition which the law requires, and that therefore whether loaded or unloaded, their use in movement was il-

legal. Defendant's counsel contends that the instruction is in accordance with the law and a reasonable construction of it in so far as it permitted this character of use for twin loads, and that they have strictly complied with the provisions, but that whether so or not, under the law, they had a right to join the cars as they did, and maintain that union as they did.

[1] I think it plain that the instruction of the Bureau of Safety cannot change the law. While Congress has given to many administrative bodies the authority to make regulations which have the force of law, these rules do not come under that category; and the regulation, whatever may be said of it as to its administrative wisdom, can only be sustained here if it is in accordance with the law. The court is not insensible to the assistance which may be derived in the construction of the law governing physical movements from the construction put upon that law by those who are charged with its administration, and at all times considers with care those constructions in attempting to reach its own conclusion about the law. The court agrees with counsel for the government, however, that, if this construction is not in accordance with the law, it must be rejected. Therefore, in saying as I do that the action of the defendant in this case was in accordance with instruction 127, I realize that the question still remains whether that instruction is in accordance with the law.

[2, 3] A consideration of the fundamental purpose of these acts, not only in the light of the terms employed, but of the legislative, judicial, and administrative history which has gathered around them, makes it clear that no construction should be adopted which leaves out of consideration the practical enforcement of the act in the light of its purpose, and that its purpose is remedial, to obtain safety, rather than penal, to exact retribution. If this is the correct theory of its construction, and I do not think it can be doubted, the position of the defendant, that what it was doing here is within the spirit, and not within the mischief, of the act, cannot be gainsaid, and unless the terms of the act are so clear in their application to this precise point as to compel the court to reach a conclusion contrary to that position, I think it my duty to find in accordance with it.

So believing, and finding facts which not only do not require the court to find a violation, but which, on the contrary, make it appear that no violation occurred in either the spirit or the purpose of the act, it is

not necessary for me to decide whether this effect is reached by holding that the two cars joined become one car, or whether it is reached by holding that the fundamental purpose of section 2 is to conserve the safety of those engaged in coupling and uncoupling the cars, and the undisputed facts show that these cars were not to be and could not be coupled or uncoupled in ordinary railroad usage.

Believing that instruction 127 is not in violation of, but in proper construction of, the law, and that the defendant has complied with it, it is my conclusion that the judgment in this case go for the defendant upon both causes of action.