UNITED STATES v. NEW YORK, C. &
ST. L. R. CO.

Civil Action No. 5836.

District Court, N. D. Ohio, W. D.
May 18, 1948.

Don C. Miller, U. S. Atty., of Cleveland, Ohio, and Gerald P. Openlander, Asst. U. S. Atty., of Toledo, Ohio, for plaintiff.

Wm. H. Black, Jr., of Toledo, Ohio, for defendant.

KLOEB, District Judge.

The motion in this case was filed under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order of inspection and permission to make copies of:

1. Any and all documents setting forth the time, place and character of alleged violations described in the complaint, together with the names of the inspector or inspectors reporting the same.

The names of the inspectors have been furnished in a letter from the Interstate Commerce Commission, dated April 23, 1948, which is attached to the brief of plaintiff in opposition to the motion, copy of which has been served upon counsel for defendant.

The time, place and character of the alleged violations have been set forth in the complaint. In addition, the letter of the attorney for the Interstate Commerce Commission, dated April 26, 1948, attached to the supplemental memorandum on behalf of the plaintiff, states that they are willing to permit an inspection of copies of the inspectors' report in their files now in the hands of the United States Attorney, which, it would seem, would give the defendant any further information it desires as to the time, place and character of the

alleged violations, which may be shown in the reports.

2. Any and all documents relating to the movement of the cars described in the complaint on the lines of any connecting carriers within a period of three days from the date of the alleged violations described in the complaint.

It is stated in the letter of the Commission above referred to that it does not have any such documents or any information concerning the movement of the cars other than as set forth in the complaint. As is well known, such records are ordinarily in the possession of the defendant or its connecting carriers.

3. The document entitled or containing Instructions To Inspectors issued by the Bureau of Safety of the Interstate Commerce Commission or the Director of the Bureau as the same were in effect at the time of the alleged violations described in the complaint.

It would seem to us that the inspectors, if called under Rule 26(b), could be required to testify as to the instructions under which they were working, and that, therefore, the plaintiff may be compelled to furnish copies of such instructions, if any.

In the case of United States v. International-Great Northern R. Co., D.C.Texas 1925, 9 F.2d 142, Hutcheson, J., the instructions of the Bureau of Safety were received in evidence and considered by the Court.

The question of law as to whether the employees of defendant were entitled to notice of the presence of the inspectors when making the inspections of its rolling stock at the time of the violations alleged in the complaint is not before the Court upon this motion.

For the reasons above given, grounds 1 and 2 of the motion will be overruled, and ground 3 of the motion will be granted to the extent of requiring the plaintiff to permit the inspection of, with the right to make a copy, instructions issued by the Bureau of Safety under which the inspectors were acting at the time of the alleged violations.